**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

NICHOLAS OUDEKERK,

        Plaintiff,

                 1:26-CV-1200
    v.              (AJB/DJS)

STATE POLICE OFFICER DOE,

        Defendants.

**APPEARANCES:**

NICHOLAS OUDEKERK
Plaintiff, *Pro Se*
15509
Warren County Correctional Facility
1400 State Route 9
Lake George, New York 12845

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

  The Clerk has forwarded for review a Complaint filed by Plaintiff. Dkt. No. 1, Compl. The filing fee in this action has not been paid, but Plaintiff has filed a motion to proceed *in forma pauperis*. Dkt. No. 4. That Motion has been granted. The matter has been referred to the undersigned for an initial review pursuant to L.R. 72.3.

- 1 -

## I. GOVERNING LEGAL STANDARD

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## II. ANALYSIS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his Fourth and Fourteenth Amendment rights. The facts contained within the Complaint are sparse. *See generally* Compl. The Complaint alleges that, sometime between July and September of 2023, Plaintiff "was arrested for obstruction of breathing." *Id.* at p. 5. According to the Complaint, that charge was dismissed in 2025. *Id.* The Complaint further alleges that: (1) "there was no evedence [sic] of obstruction of breathing"; (2) "the

case exceeded the limits and violated [Plaintiff's] rights under 30.30(1)(b) & 180.85"[2]; and (3) Plaintiff "never pled guilty" to the charge. *Id.* The Complaint asserts causes of action for unlawful arrest and incarceration, wrongful prosecution, and failure to protect. *Id.* at pp. 5-7. No Defendants are identified by name in the Complaint. *Id.* at p. 2. Rather, Plaintiff brings his claims against unidentified John Does that he alleges are "state police officer[s]." *Id.* at pp. 2 & 5-6.

"It is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit." *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997) (citation omitted). "This rule has been relaxed, however, in actions brought by *pro se* litigants." *Id.* (citation omitted). Rather than ordering dismissal, courts have, at times, assisted *pro se* plaintiffs by permitting discovery before requiring full identification of defendants. *Id.* Nevertheless, a *pro se* plaintiff's entitlement to assistance in identifying a defendant is not limitless and courts have declined that assistance where the plaintiff failed to provide sufficient information identifying the defendant. *See*, *e.g.*, *Flowers v. Sehl*, 2022 WL 1471038, at *1 (S.D.N.Y. May 10, 2022); *Burns v. Un-Named Emps. of New York City Corr. & Health & Hosps.*, 2022 WL 2708869, at *2 (S.D.N.Y. June 7, 2022); *Harding v. New York*, 2022 WL 3156414, at *2 n.2 (S.D.N.Y. Aug. 8, 2022).

---

[2] Plaintiff's citation to "30.30(1)(b) & 180.85" presumably refers to New York's Criminal Procedure provisions pertaining to speedy trial time limitations and termination of prosecution, respectively.

Here, Plaintiff has not provided sufficient information to enable the State Police to identify the Defendants. The Complaint does not contain: names, even partially, of any of the officers allegedly involved in Plaintiff's arrest, incarceration, or prosecution; the unit to which any of those officers were assigned; the dates or locations of the incidents in question; or the docket number of the criminal case brought against Plaintiff. *Compare Valentin v. Dinkins*, 121 F.3d at 75 (naming the City of New York as a defendant and providing the City with: "the officer's surname; the unit to which he was assigned; the date and location of the incident in question; and the docket number of the case"). As such, the Court recommends that an order not be issued under *Valentin v. Dinkins* for the Defendants at this time.

"Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at \*4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Here, the Court recommends that the Complaint be dismissed without prejudice to Plaintiff filing an amended complaint in which Plaintiff could seek to assert facts that provide more specific identifying information about the Defendants.

The Court advises Plaintiff that, should he be permitted to amend his Complaint, any amended pleading he submits must comply with Rules 8 and 10 of the Federal Rules

of Civil Procedure. Any such amended complaint, which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff, must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph and should state with specificity the legal claim for relief and the basis for damages. If Plaintiff claims that his rights were violated on more than one occasion, he should include a corresponding number of paragraphs in the amended complaint for each such allegation, with each paragraph specifying: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names, if known, of each and every individual who participated in such misconduct and, if the names are unknown, all identifying information that the Plaintiff possesses about said individuals, including but not limited to the physical description, position, and partial name of each and every individual; (iv) where appropriate, the location where the alleged misconduct occurred; and (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights. Plaintiff is further cautioned that no portion of his prior Complaint shall be incorporated into his amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all claims he intends to assert and must demonstrate that a case or controversy exists between Plaintiff and the Defendants that Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the Defendants violated a law, he should specifically refer to such law.

- 6 -

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Complaint (Dkt. No. 1) be **DISMISSED** without prejudice as set forth above; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: July 1, 2026
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).