**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

NICHOLAS OUDEKERK,

Plaintiff,

v.

1:26-CV-1200
(AJB/DJS)

STATE POLICE OFFICER DOE,

Defendants.

**APPEARANCES:**

NICHOLAS OUDEKERK
Plaintiff, *Pro Se*
15509
Warren County Correctional Facility
1400 State Route 9
Lake George, New York 12845

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

On July 1, 2026, this Court issued a Report-Recommendation recommending that the Complaint in this matter, Dkt. No. 1, Compl., be dismissed without prejudice. Dkt. No. 10, Report-Recommendation. Plaintiff did not file objections to the Report-Recommendation. Instead, on July 20, 2026, Plaintiff filed an Amended Complaint. Dkt.

No. 11, Am. Compl.[1] On July 27, 2026, the District Court accepted the Report-Recommendation and granted Plaintiff leave to file an Amended Complaint. Dkt. No. 12. The Amended Complaint is before the undersigned for review pursuant to 28 U.S.C. § 1915 ("Section 1915").

The legal standard for review under Section 1915 was previously outlined in this Court's prior decision, Report-Recommendation at pp. 2-3, and need not be recounted in detail herein. In summary, this Court's task under Section 1915(e) is to consider whether Plaintiff's Amended Complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Courts undertaking this review should liberally construe the pleadings. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

Upon review of the Amended Complaint, the Court recommends that the Amended Complaint be permitted to proceed. Both the Complaint and the Amended Complaint assert causes of action for unlawful arrest and incarceration, wrongful prosecution, and failure to protect. *Compare* Compl. at pp. 5-7 *with* Am. Compl. at p. 9. No Defendants are named in either the Complaint or the Amended Complaint; instead, Plaintiff brings

---

[1] Citations to Plaintiff's Complaint and Amended Complaint are to page numbers provided by the Court's CM/ECF system.

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

his claims against unidentified John Does that he alleges are "state police officer[s]." *See generally* Compl.; Am. Compl. The Complaint had alleged that, sometime between July and September of 2023, Plaintiff "was arrested for obstruction of breathing," and stated that the charge was dismissed in 2025. Compl. at p. 5. The Court found that Plaintiff had not provided sufficient information within the Complaint to enable the State Police to identify the Defendants. Report-Recommendation at pp. 4-5. In the Amended Complaint, Plaintiff has now specified that he was arrested "for obstruction of breathing" between July 1, 2023 and August 15, 2023 "by state police who[] . . . have jurisdiction over Niverville NY in Columbia County." Am. Compl. at pp. 5 & 7. Plaintiff further states that this was his only arrest. *Id.* at pp. 6-7.

Mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, Plaintiff's claims survive *sua sponte* review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

Despite finding that a response to the Amended Complaint is required, there is an impediment to service because the only Defendants are Doe Defendants whose identities are not presently known. In light of the foregoing, the Clerk of Court shall send a copy of the Amended Complaint and this Decision and Order to the New York State Attorney General's Office. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Court requests that the Attorney General's Office attempt to ascertain the

full names of the Defendants. The Attorney General's Office is also requested, to the extent that it is able to identify the Defendants, to provide the addresses where the Defendants can currently be served. The Attorney General need not undertake to defend or indemnify the individuals at this juncture. This order merely provides a means by which Plaintiff may name and properly serve the Defendants as instructed by the Second Circuit in *Valentin*.

For the reasons stated herein, it is hereby:

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 11) be **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk shall serve a copy of the Amended Complaint (Dkt. No. 11) and this Decision and Order on the New York State Attorney General's Office by electronic mail; and it is further

**ORDERED**, that the New York State Attorney General's Office is hereby requested to produce the information specified above, to the extent that it can, regarding the identities of the John Doe Defendants within thirty (30) days of the filing date of this Decision and Order. The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Decision and Order, as well as to Plaintiff at his address of record. Once this information is provided, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: August 24, 2026
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge